Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**FILED - GR**
May 16, 2024 11:20 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: ᵏᵇ /5/16

# UNITED STATES DISTRICT COURT
for the
Western District of Michigan ▼

_____ Division

**1:24-cv-508**
Robert J. Jonker
U.S. District Judge

| | |
|---|---|
| Jerri Dawn Dombrowski (Pro Se) | )   Case No. |
| | ) |
| | )   _(to be filled in by the Clerk's Office)_ |
| | ) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | )   Jury Trial: *(check one)* ☐ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| **-v-** | ) |
| Experian and | ) |
| Equifax and | ) |
| TransUnion | ) |
| | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

## COMPLAINT FOR A CIVIL CASE

**I.     The Parties to This Complaint**

    **A.     The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Jerri Dombrowski (Pro Se) |
| Street Address | 1074 Maybelle NE |
| City and County | Grand Rapids, MI Kent county |
| State and Zip Code | MI 49503 |
| Telephone Number | 614-558-0561 |
| E-mail Address | jerri.dombrowski@gmail.com |

    **B.     The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Experian |
| Job or Title *(if known)* | Credit Reporting Agency |
| Street Address | P.O. Box 4500 |
| City and County | Allen  Collin County |
| State and Zip Code | Texas 75013 |
| Telephone Number | 877-324-7959 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Equifax |
| Job or Title *(if known)* | Credit Reporting Agency |
| Street Address | P.O. Box 105518 |
| City and County | Atlanta Fulton County |
| State and Zip Code | Georgia 30348 |
| Telephone Number | 888-378-4329 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | TransUnion |
| Job or Title *(if known)* | Credit Reporting Agency |
| Street Address | P.O. Box 805 |
| City and County | Woodlyn  Delaware County |
| State and Zip Code | Pennsylvania 19094 |
| Telephone Number | 800-916-8800 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.  Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.  If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

15 U.S.C. § 1681i(a)(1)(A) - all 3 defendants are in violation
15 U.S.C. § 1681i(a)(6)(A) - Experian and Equifax are in violation
15 U.S.C. § 1681n - all 3 defendants are in violation
15 U.S.C. § 1681o - all 3 defendants are in violation
15 U.S.C. § 1681s-2(a) - all 3 defendants are in violation
15 U.S.C. § 1692e-2(a) - Experian is in violation

### B.  If the Basis for Jurisdiction Is Diversity of Citizenship

1.  The Plaintiff(s)

   a.  If the plaintiff is an individual

   The plaintiff, *(name)* Jerri Dawn Dombrowski (Pro Se)            , is a citizen of the

   State of *(name)* Michigan                     .

   b.  If the plaintiff is a corporation

   The plaintiff, *(name)*                          , is incorporated

   under the laws of the State of *(name)*                           ,

   and has its principal place of business in the State of *(name)*

                                  .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

   a.  If the defendant is an individual

   The defendant, *(name)*                         , is a citizen of

   the State of *(name)*                        .  Or is a citizen of

   *(foreign nation)*                     .

b.   If the defendant is a corporation

The defendant, *(name)*   Experian                                    , is incorporated under

the laws of the State of *(name)*   Texas                                    , and has its

principal place of business in the State of *(name)*   Texas                                    .

Or is incorporated under the laws of *(foreign nation)*                                    ,

and has its principal place of business in *(name)*                                    .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

Please see attached Statement of Claim and Exhibits List.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I want this Fair Collections and Outsourcing account permanently removed from my credit report. I am asking the curt to order the following damages: 1. Statutory damages of $1000 each for each of the violations appearing on my reports; 2. Actual damages of $18000 to compensate for the following reasons: emotional distress due to the inabilty to obtain housing, living out of a vehicle, and harm to my physical (I am disabled/ on SSDI) and mental well-being,and mitigating factors such as the loss of medication needing refrigeration which is an impossibility without a residence, the efforts of seeking assistance from social service agencies; 3. Punative damages of $9000 for violating my consumer rights.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:           05/14/2024

Signature of Plaintiff

Printed Name of Plaintiff         Jerri Dombrowski

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

COMPLAINT FOR A CIVIL CASE:

Dombrowski (Pro Se) vs. Experian, Equifax, and TransUnion

Additional Pages

II. B. 2.

> b. If the defendant is a corporation
>
> The defendant, <u>Equifax</u>, is incorporated under the laws of the State of <u>Georgia</u>, and has its principal place of business in the State of <u>Georgia.</u> Or is incorporated under the laws of (foreign nation) , and has its principal place of business in (name) .
>
> The defendant, <u>TransUnion</u>, is incorporated under the laws of the State of <u>Pennsylvania</u>, and has its principal place of business in the State of <u>Pennsylvania.</u> Or is incorporated under the laws of (foreign nation) , and has its principal place of business in (name) .

COMPLAINT FOR A CIVIL CASE:

Dombrowski (Pro Se) vs. Experian, Equifax, and TransUnion

Additional Pages

### III. Statement of Claim

1.

In 2023, I attempted to purchase a vehicle. I tried numerous times, but could not get financing for the vehicle, so I looked through my credit reports to see why this might be. I saw the collection from Fair Collections and Outsourcing, but I did not recognize their name and never had a contract or account with them. Around the end of November/ beginning of December, I sent a letter to them (not certified, as I was unaware at that time of the necessity to certify mail for use in legal matters) via the USPS asking for the original contract I signed with them and validation of that account. I did not hear anything back. I kind of forgot about it until about the middle of January 2024, when I applied to lease an apartment home and was denied because of a rental collection from Fair Collections and Outsourcing. I did break a lease with my old landlord in Ohio, so this inspired me to take a closer look at the Fair Collections and Outsourcing account. I found inaccuracies- one of which was the incorrect address for the collection agency itself. This could explain why I did not hear anything back from them regarding account validation. In addition to this major piece of incorrect information, I also found that the amount they said I owed them was wrong.

2.

Information appearing on my credit report is supposed to be fair and as accurate as possible and Experian, Equifax, and TransUnion are obligated to make certain of this accuracy. And when I make them aware of the inaccuracies on my report, it is their obligation to investigate the claims- reasonably, and if they cannot or will not make certain of the accuracy, they must delete— Because a credit report is supposed to be accurate and fair to the consumer. We have laws protecting our consumer rights. It is NOT fair for a credit reporting agency like Experian, Equifax and TransUnion to give a consumer wrong contact information for an unknown collection agency showing up on the consumer's report. I had no idea who Fair Collections and Outsourcing was when I saw it on my credit reports (from all 3 agencies) and this collection company claimed I owed them $2437, even though I NEVER had a debt or original contract with them. Information regarding the contact information of the collector of the debt shown on my credit report is part of the obligatory accurate information a Credit Reporting Agency must provide. The contact information of the collection agency on my credit reports with all 3 bureaus was WRONG on my credit reports back in February 2024 (Exhibits 10,11,

Jerri Dawn Dombrowski v. Experian, Equifax, TransUnion
Case No:

12) and after multiple disputes including a notarized letter of Fact and Truth (Exhibits 2,3,4,5), and a complaint to the CFPB (for Equifax and Experian- Exhibits 32,33), the contact information for this collection company is still showing up wrong on all 3 of my reports (Exhibits 26,34,35). The defendants knew about this. I made them aware- sent a notarized Affidavit of Fact and Truth to them with attached proof of my claim (via certified mail- Exhibits 6,7,8,9), but they never bothered to change it.

3.

Information regarding how much I owe a collection company is also supposed to show up on my credit report correctly, but all 3 of my reports showed and still show MORE than I actually owe. In addition to the wrong contact information of my collection account listed in the notarized Affidavit of Fact and Truth (Exhibits 2,3,4), the document sent also listed several metro 2 violations and a violation against FCRA showing INCORRECT amount owed for this debt. On all 3 of my reports, it shows that I owe Fair Collections and Outsourcing $2437, even though I never had an original contract or account with this agency. This amount, claimed by all 3 credit reporting agencies, is inaccurate and MORE than I owe.

4.

Fair Collections and Outsourcing sent me an email (Exhibit 17) showing the actual amount due for the account as $2436.55. Financial information is supposed to be TRUNCATED, NOT rounded up, especially when it is appearing on a credit report. Truncating is done to prevent exactly what is happening here- WRONG INFORMATION (showing more than I actually owe) on my credit report which is supposed to be 100% accurate. It was the credit reporting agency's job to investigate this incorrect information after I sent a notarized Affidavit, and a CFPB complaint which contained attached proof of these claims. They knew about the inaccuracy, but did NOTHING to correct it, and the account still shows I owe more than I do. This may seem like no big deal since it is only 45 cents, But wrong information is WRONG INFORMATION and the FCRA does not specify any amount of incorrectness that would just fine for a credit reporting agency to report. I let the defendants know amount the inaccuracies, they are still reporting wrong information about this debt.

5.

Had the defendants reasonably reinvestigated my disputes, or even just bothered to read through the notarized Affidavit, the inaccuracies they were made aware of would have been corrected or deleted. All 3 credit bureaus sent me USPS mail spelling out their procedures for dispute reinvestigation, including simply sending over all documentation provided to the furnishing company for their own verification of accuracy, but that is not a reasonable reinvestigation-just taking the furnishers word for it. The furnisher was incorrect.  All 3 defendants showed that their reinvestigation(s) verified the account information as accurate and did not update any of the blatant inaccuracies I pointed out. Experian and Equifax even verified the data as accurate twice, first as a

Jerri Dawn Dombrowski v. Experian, Equifax, TransUnion
Case No:

result of the Affidavit reinvestigation and then again, after I filed a CFPB complaint. It looks as though all 3 defendants did not actually review the dispute data themselves, but instead sent over the dispute information to the furnisher (who originally supplied the wrong information), and since the furnisher said all was fine and accurate, the credit reporting agencies left this WRONG information on my report- even after multiple rounds of disputes. If they would have read the document themselves, perhaps they would have corrected or deleted the disputed information. But they did not, and that is not a reasonable investigation that the defendants are required to do by law. They have violated my consumer rights.

6.

This account appearing on my credit report has prevented and is still preventing me from obtaining an apartment home of my own (Exhibit 20). It is also important to note that I am disabled (on SSDI) and currently living in my vehicle and couch surfing (Exhibit 21) because I am being rejected from leasing apartment homes due to this collection account on my credit report. The presence of this account on my credit reports is literally causing me homelessness (Exhibit 20), the very **least** these 3 credit reporting agencies can do is make sure it is CORRECT! They knew about the inaccuracies. I told them once. I told them twice. I sent attached proofs. They did not fix it. They now need to delete.

7.

I sent the notarized Affidavits of Fact and Truth (with the attached proofs of my claims) to each credit reporting agency on February 20, 2024 (Exhibit 6). USPS certified mail records show that all 3 credit reporting agencies received the Affidavit (Exhibits .7,8,9) For each credit reporting agency, my credit report from February 2024 (Exhibits 10,11,12) shows the collector (Fair Collections and Outsourcing, account number xxxx340) contact information provided to me is inaccurate and lacking integrity. As a consumer I deserve to know who is claiming I owe them money, and exactly how much they claim I owe, especially when it is a collection agency whom I have never had an original contract or account with.

8.

I sent proof of my claims along with my notarized Affidavit regarding the correct address of the debt collection company on my credit reports. The website for Fair Collections and Outsourcing (https://www.fco.com/Contact) shows their correct address in Laurel, MD, listed under contact information (Exhibit 16). I had to hunt down the email address for Fair Collections and Outsourcing in order to ask about this account, and they sent a response to my email (Exhibit 18), dated January 24, 2024, showing their actual mailing address as 14400 Sweitzer Ln #235, Laurel, MD 20707. This address appears nowhere on my 3 credit reports (Exhibits 10,11,12,13,14,15,24, 25,26,34,35). On this email was an attached footnote saying, "Please note we have moved from Beltsville to Laurel. Please Update your records to reflect our new address". I do not know when they

Jerri Dawn Dombrowski v. Experian, Equifax, TransUnion
Case No:

moved, but Fair Collections and Outsourcing apparently never followed their own advice to update the credit reporting agencies of their new address. Thus, the 3 defendants all continue to report inaccurate and UNFAIR information on my credit report, despite having been sent proof of inaccuracies.

9.

TransUnion sent me results from the original Affidavit reinvestigation (dated March 5, 2024) via USPS (Exhibit 27). It said that they performed a reinvestigation and the account was verified and accurate. They changed the "payment received" and the "date updated" sections on my report, but did not change any of the inaccurate items I notified them of via notarized Affidavit. TransUnion said in this correspondence that I could request a summary of how this reinvestigation was conducted. I took them up on their offer. I sent them a letter on or about March 20, 2024 via certified mail (Exhibit 28,29), asking them to explain EXACTLY how the Affidavit reinvestigation was conducted. They received the letter on March 25, 2024 (Exhibit 29)- though P. Hensel (who signed for the letter) made a typo and dated the receipt as February 25. TransUnion then sent me back a notice via USPS on March 26, 2024 (Exhibit 30), outlining their various methods of reinvestigation and leaving me to guess which one they utilized in my case. TransUnion did not even bother to ANSWER the letter asking EXACTLY how they handled my investigation, but instead sent out a form letter that did not provide me with the information I requested regarding how they handled my investigation (Exhibit 30).

10.

In addition, TransUnion also stated in the March 26 correspondence that I supplied them with additional information on my case (Exhibit 30). I sent no additional information at all, I simply asked how exactly the reinvestigation was done. TransUnion said that because of this additional information (none was sent), they got an additional 15 days to respond and that their reinvestigation of the notarized Affidavit reinvestigation would therefore be completed on or before May 1, 2024. It is currently May 14, 2024 and I have heard nothing additional from TransUnion.

11.

Experian received the notarized Affidavit on February 23, 2024 (Exhibits 2,5,6,7), but I was not notified of any results of their reinvestigation and the inaccuracies listed above remain on my credit report to date. Experian had well over 39 days to respond to the notarized Affidavit with a reasonable investigation of the inaccuracies, but they did not. And because of this, I filed a CFPB complaint (Exhibit 32) for improper reinvestigation of these inaccuracies on April 2, 2024. After the CFPB complaint, I received an undated postcard (Exhibit 22) from Experian on April 17, 2024. The postcard said that it is their job to review the accuracy and completeness of any disputed item and then they went on to outline various procedures they can use for the reinvestigation of inaccuracies, though they did not bother to do so after receiving the notarized Affidavit I sent (Exhibits 2,5,6,7). Experian did not say in this generic postcard which of those methodologies

Jerri Dawn Dombrowski v. Experian, Equifax, TransUnion
Case No:

they used to investigate the inaccuracies on my report, following the CFPB complaint. They did not even bother to supply a date on this postcard, so it could look like they finally responded to the Affidavit they received back in February. I finally received Experian's dispute results from the CFPB complaint, dated April 19, 2024 (Exhibit 23). The results showed that nothing I disputed was changed or deleted, but the "date last updated" was changed from January to April 2024 on my report. They outlined that they just shipped off all information regarding my dispute to the furnisher. They did not even investigate my claims themselves. My credit report as of May 14 shows that still none of my disputed items have been changed (Exhibit 24). It is Experian's responsibility to investigate all inaccuracies that consumers notify them of. This seems like negligent and willful noncompliance of the law.

12.

In addition, my Experian report has a blatantly wrong comment attached to this disputed account. Fair Collections and Outsourcing is not supposed use any false, deceptive, or misleading representation for the collection of any debt, including the false representation of the legal status. But following an online dispute in January 2024 (Exhibit 1), in which I specified that I did not receive an original contract from this collection agency as requested (probably because their address was wrong, as I later noticed on my report) and therefore, the account from Fair Collections and Outsourcing doesn't belong to me, not because of fraud, but because I was never supplied an original signed contract with Fair Collections and Outsourcing saying that I owe them this debt. Results to this dispute (Exhibit 1) showed that the account was verified, and the following comment appeared afterward on my credit report, "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)"  (Exhibits 1, 11).  However, this comment is blatantly wrong. I've supplied proof via an notarized Affidavit of exactly how this account does NOT meet requirements of the FCRA, yet this comment was NOT removed (Exhibit 13). It still remains on my Experian credit report- unchanged- as of this date (Exhibit 24). I have supplied proof of inaccuracies and how my credit report contains WRONG information, a direct violation of the FCRA- twice (through disputes using an Affidavit of Fact and Truth and a complaint to the CFPB). It seems no one at Experian bothered to delete or update this comment, even though what it is saying is clearly untrue- this account clearly does not meet requirements of the FCRA.

13.

My Equifax credit report from April 9 (Exhibit 36). showed nothing I disputed had changed, and I had not received any dispute results from Equifax as of that date. Equifax received the notarized Affidavit on February 25, 2024 (Exhibits 3,5,6,8) and I received the Equifax results from the Affidavit dispute dated March 4, 2024 (Exhibit 18) via USPS on April 12, 2024 (3 days after filing my CFPB complaint for improper reinvestigation against them on April 9, 2024). It should not have taken 39 days for these Affidavit results to reach me. Because I filed the improper CFPB investigation

complaint (since as of April 9, I had received no results at all  from Equifax- 6 weeks and 2 days after documentation of their receipt of the Affidavit and prior to receiving the 39 day old results), I filed a second CFPB complaint for wrong information on my account on April 12 (the complaints were the same, just the choice I clicked for reason for the claim on the CFPB website was different) (Exhibit 33). I received the results of the CFPB complaint dispute from Equifax dated April 17, 2024 (Exhibit 34). The Equifax results document says that they sent the information to the furnisher who said it was accurate and verified it. The only thing that has changed on my Equifax report is the date last updated (Exhibit 34)

14.

These 3 credit reporting agencies had more than adequate knowledge of the inaccuracies on this account. They did not fix them. They violated my consumer rights, so please ensure they all delete this account permanently from my credit report.

Jerri Dawn Dombrowski v. Experian, Equifax, TransUnion
Case No: